**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**CONNIE CHARTERS AND ALYCE SWEAZA,**

      **Plaintiffs,**

**v.**                           **Cause No.  1:17-cv-00927**

**GEICO INDEMNITY COMPANY, an Insurance
Company authorized to do business in New Mexico,**

      **Defendant.**

## NOTICE OF REMOVAL

Defendant GEICO Indemnity Company ("GEICO"), by and through its counsel of record, Chapman and Priest, P.C. (Stephen M. Simone and Jessica C. Singer), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support thereof, states as follows.

1.     Plaintiffs Connie Charters and Alyce Sweaza, ("Plaintiffs") filed their Complaint ("Complaint") in the Eleventh Judicial District, San Juan County, State of New Mexico, in Cause No. D-1116-cv-2017-01136 on August 7, 2017.  *See* Plaintiffs' Complaint, hereto attached as **Exhibit A**.

2.     GEICO was served with the Summons and Complaint on August 18, 2017. *See* Acceptance of Service, attached hereto as **Exhibit B**.

3.     In their Complaint, Plaintiffs state Plaintiff Sweaza is a resident of San Juan County, New Mexico.  Plaintiff Charters is a resident of Mesa County, State of Colorado. **Exhibit A** at ¶ 1.

4.     GEICO asserts it is incorporated in the State of Maryland, and its principal office is located in Chevy Chase, Maryland.

5.     Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

6.     Less than thirty (30) days have passed the case became removable as set forth in 28 U.S.C. § 1446(b)(3).

7.     As GEICO, has accepted service and the named entity is the only Defendant in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied.  (*See* Register of Actions for the State Court Action, hereto attached as **Exhibit C**).

8.     Plaintiffs seek damages for actual damages incurred, attorney fees, and interest. . *See* **Exhibit A** at ¶52.

9.     While Plaintiffs have not alleged a specific amount of damages, the relief sought and the nature of the claims included in Plaintiff' 'Complaint demonstrate Plaintiffs and seeking damages in excess of $75,000.   *See generally id.*

10.    Plaintiffs and the sole Defendant are citizens of different states. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

11.    To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a).  Where a complaint does not contain dispositive allegations of the amount in controversy, a defendant seeking federal-court adjudication, must only file a notice of removal "containing a short and plain statement of

the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) citing §1446(a).   The defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court, *Id.*

12.     *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), cited favorably the House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"):

   a.  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." H. R. Rep. No. 112-10, p. 16 (2011).

13.     *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), cited favorably the House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"):

   a.  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." H. R. Rep. No. 112-10, p. 16 (2011).

14.     Consistent with the allegations in Plaintiffs' Complaint, dated August 7, 2017, the amount in controversy exceeds the jurisdictional amount of $75,000. (*See* Complaint). Upon information and belief, the damages sought by Plaintiffs are likely in excess of $75,000.

15.     This Court has jurisdiction over the parties in this case pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being served upon the Plaintiffs on this date.

17.     GEICO is filing a Notice of Filing Notice of Removal in the state court action, a copy of which is attached to this Notice as **Exhibit D**.  The Notice of Filing Notice of Removal is being filed concurrently with this Notice in the Eleventh Judicial District, San Juan County, State of New Mexico, pursuant to 28 U.S.C. § 1446(d).

18.     GEICO is filing an Entry of Appearance in the state court action on this date, a copy of which is attached to this Notice as **Exhibit E**.

19.     Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-CIV. 81.1(a), all process, pleadings, and orders received by the Defendant in the state court action are attached to this Notice.  A separate Transmittal of State Court Records including all pleadings filed in the state court action will also be filed with this Court within twenty-eight (28) days.

20.     A Civil Cover Sheet is attached as **Exhibit F**.

**WHEREFORE**, the removing Defendant, GEICO, gives notice the above-styled

action, which was pending in the Eleventh Judicial District San Juan County, State of New Mexico, as Cause No. D-1116-CV-2017-01136, is removed to this Court.

Respectfully submitted,

**CHAPMAN AND PRIEST, P.C.**

*/s/Stephen M. Simone*
Stephen M. Simone
Jessica C. Singer
PO Box 92438
Albuquerque, NM 87199
505-242-6000
stephensimone@cclawnm.com
jessica@cclawnm.com
*Attorneys for Defendant GEICO*

I HEREBY CERTIFY that on the ___ day of September, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David M. Houliston
Law Offices of David M. Houliston
500 Tijeras Avenue NW
Albuquerque, NM 87102
505-247-1223
david@houlistonlaw.com
*Attorney for Plaintiffs*

*/s/Stephen M. Simone*
Stephen M. Simone

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/7/2017 1:49:07 PM
WELDON J. NEFF
Davina Cordova

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT COURT

CONNIE CHARTERS and ALYCE SWEAZA,

     **Plaintiffs,**

v.                                 **No.** D-1116-CV-2017-01136

GEICO INDEMNITY COMPANY, an Insurance
Company authorized to do business in New Mexico,

     **Defendant.**

## PLAINTIFFS' COMPLAINT AGAINST
## DEFENDANT GEICO INDEMNITY COMPANY

     **COME NOW**, Plaintiffs Connie Charters and Alyce Sweaza by and through their Counsel

of Record, the Law Offices of David M. Houliston (David M. Houliston) and Titus & Murphy Law

Firm (Victor A. Titus), and submit their Complaint against Defendant GEICO Indemnity

Company.

### PARTIES AND JURISDICTION AND VENUE

     1.     This suit is being filed under *Hovet v. Lujan,* 2003-NMCA-061, ¶ 12, 133 N.M.

611, 66 P.3d 980.

     2.     Plaintiff Alyce Sweaza is a resident of San Juan County, State of New Mexico.

     3.     Plaintiff Connie Charters is a resident of Mesa County, State of Colorado.

     4.     Defendant GEICO Indemnity Company ("GEICO") is an insurance company

authorized to and currently doing business in New Mexico, and was doing business in New

Mexico on the date of Plaintiff's automobile accident (January 24, 2014) involving Ms. Leigh

Jenke, which forms the underlying subject of this First Amended Complaint.


EXHIBIT
A

5.      Defendant GEICO was the insurance company that provided liability insurance to Ms. Leigh Jenke ("Ms. Jenke") pursuant to NMSA 1978 §§ 66-5-201 *et seq*,, and Defendant GEICO is a proper party under *Hovet*.

## FACTUAL ALLEGATIONS

6.      On September 8, 2015, Plaintiffs filed their lawsuit against Leigh Jenke and against Ms. Jenke's insurer, Defendant GEICO.

7.      Plaintiff's lawsuit arose from an automobile accident occurring on January 24, 2014 in which Ms. Jenke, who was insured by Defendant GEICO at the time of the accident, rear-ended Plaintiff's vehicle in the middle lane of Paseo del Norte NE at the intersection of San Pedro Drive NE when the traffic came to a sudden halt in Albuquerque, New Mexico.

8.      Ms. Jenke negligently struck Plaintiffs' vehicle from behind.

9.      Ms. Jenke reported the claim to her insurer, Defendant GEICO, and her insurer subsequently obtained a copy of the New Mexico Uniform Crash Report.

10.      Prior to the filing of Plaintiffs' lawsuit, Defendant GEICO inspected Plaintiffs' vehicle.

11.      Subsequent to its inspection of Plaintiffs' vehicle, Defendant GEICO issued payment to Plaintiff for property damages to such vehicle.

12.      Defendant GEICO issued the property damage payment to Plaintiff because it concluded its insured, Ms. Jenke, was at fault for causing the accident and the damages to Plaintiffs' vehicle.

13.      Prior to filing their lawsuit, Plaintiffs provided information to Ms. Jenke's insurance carrier, Defendant GEICO, about their injuries, which included medical records and billings.

2

14.     Plaintiff Connie Charters' medical billings, which were incurred as a result of their injuries from the accident with GEICO's insured, and reviewed by Defendant GEICO, totaled approximately $2,793.00, and Plaintiff Alyce Sweaza's medical billings totaled $4,059.00.

15.     Prior to the filing of their lawsuit, Plaintiffs requested that Defendant GEICO settle their personal injury claims.

16.     Defendant GEICO had a duty to promptly settle Plaintiffs' personal injury claims as the liability of its insured in causing the accident was clear.

17.     Even though Defendant GEICO determined its insured was liable for the accident, Defendant GEICO refused to settle Plaintiffs' personal injury claims.

18.     In fact, Defendant GEICO refused to offer reasonable money to Plaintiffs in order to resolve their personal injury claims prior to the filing of the lawsuit.

19.     By refusing to make any effort to settle Plaintiffs' personal injury claims, Defendant GEICO intentionally violated its duties under the New Mexico Insurance Code and intentionally engaged in unfair settlement practices.

20.     Defendant GEICO's refusal to attempt to fairly resolve Plaintiffs' personal injury claims was based on a policy and/or practice of its Region V Claims Team (a group of employees of Defendant GEICO assigned to adjust Plaintiffs' claims against Defendant GEICO's insured).

21.     It is the policy and/or practice of GEICO's Region V Claims Team to refuse to settle and/or alternatively to offer unreasonably low settlement proposals to persons claiming injuries arising from low speed auto accidents.

3

22.     Defendant GEICO's Region V Claims Team candidly boasts of refusing to settle low speed auto claims to the Defendant GEICO's attorneys and employees who defend such lawsuits.

23.     One purpose behind GEICO's Region V Claims Team insurance practice described above was to require Plaintiffs (and other persons similarly situated to them in New Mexico who are injured in low speed collisions) to accept unreasonably low offer or to file suit and litigate against the lawyers and vast resources of Defendant GEICO.

24.     Another purpose behind GEICO's Region V Claims Team insurance practice described above is to win by attrition, intimidation, and simply outspending the injured persons to whom Defendant GEICO has a legal duty to fairly resolve claims.

25.     GEICO Region V Claims Team specifically targets personal injury cases, like Plaintiffs' case, where the damages are relatively modest and the time, effort, and expense of litigation (including costs and attorney's time) has the chilling effect of dissuading attorneys from taking or fully pursuing such cases and results in the injured persons receiving little or no money to compensate them for their injuries.

26.     The effect of Defendant GEICO (and its Region V Claims Team) insurance practices regarding low speed collisions is to ensure Defendant GEICO pays *less* in claims than it otherwise would reasonably pay if Defendant GEICO complied with New Mexico insurance law and fairly and in good faith adjusted low speed auto accident claims.

27.     While such policy and/or practice increases Defendant GEICO's profits and bottom-line, it is contrary to New Mexico law and the public policy of mandating insurance companies who do business in this state to fairly compensate people who are harmed in automobile collisions.

28.     Because Defendant GEICO refused to offer any reasonable settlement monies to compensate Plaintiffs for their personal injury claims, Plaintiffs filed their lawsuit against Ms. Jenke and against Defendant GEICO on September 8, 2015.

29.     Defendant GEICO assigned lawyers to defend itself and its insured, Ms. Jenke.

30.     The attorneys Defendant GEICO assigned to defend itself and Ms. Jenke were employees of Defendant GEICO.

31.     For approximately the next year and half, Plaintiffs litigated their case, including engaging in written discovery, depositions, motions practice, and attending Court hearings and ultimately a jury trial.

32.     Plaintiffs tried their case on April 7 through 10, 2017 and presented proof the accident was caused by the negligence of Ms. Jenke, the injuries they suffered as a result of the accident, and the medical care they obtained as a result, along with their associated medical costs.

33.     Though Defendant GEICO had determined its insured was liable for the accident prior to suit being filed, GEICO offered only $5,250.00 to settle Plaintiff Connie Charters' claims, and $5,750.00 to settle Plaintiff Alyce Sweaza's claims.

34.     The parties went to mediation prior to the trial of this matter on August 22, 2016, at which time the Plaintiffs offered to settle each of their claims for $20,000.00 each.  GEICO countered with $9,000.00 for Plaintiff Alyce Sweaza and $7,000.00 for Plaintiff Connie Charters.  The mediation failed.

35.     The jury returned a verdict that Defendant GEICO's insured, Leigh Jenke, was one hundred percent (100%) responsible for the accident and awarded Plaintiff Connie Charters $50,000.00 and Plaintiff Alyce Sweaza $50,000.00 for a total award of $100,000.00 in damages.

5

36.     As a result of its decision to force a trial, Defendant GEICO paid more to Plaintiffs than it would have had Defendant GEICO accepted Plaintiff's Mediation Offer of Twenty-Thousand Dollars and No Cents ($20,000.00), for each Plaintiff, Connie Charters and Alyce Sweaza on August 22, 2016 (nearly eight months before trial).

37.     Defendant GEICO is estimated to have paid more than $30,000.00 in fees and costs associated with the litigation; such amount does not include the amounts paid to its employees (both adjusters and attorneys) for their efforts to deny the claim. Defendant GEICO's total expenditure on this claim is estimated to greatly exceed $50,000.00.

38.     Though Defendant GEICO would have saved many tens of thousands of dollars had it complied with its obligations under New Mexico law in this one case, Defendant GEICO made a calculated decision to refuse to negotiate the case in good faith because of its policy and/or practice to fairly adjust and reasonably pay low speed accident claims is intentional and calculated to aggregate "savings" to Defendant GEICO on hundreds or thousands of similar claims, while intimidating most claimants into accepting either nothing or unreasonably low amounts in settlement.

39.     Pursuant to the New Mexico Unfair Claims Practices Act, Defendant GEICO owed Plaintiffs the duties of good faith, fair dealing, and accompanying obligations.

40.     Plaintiffs presented their claims to Defendant GEICO prior to litigation and again thereafter in written discovery and in deposition. However, Defendant GEICO never made reasonable offers and never promptly adjusted the claims despite having adequate information to evaluate the claims and a duty to fairly settle the claims.

41.     Defendant GEICO did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiffs' claims in which liability was reasonably clear, in violation of NMSA 1978 § 59A-16-20(E).

6

42.     Defendant GEICO's intentional misconduct compelled Plaintiffs to institute litigation and to try their case to a jury in order to recover amounts due under its insured's auto policy at the time demand was first made.

43.     Defendant GEICO acted in bad faith and contrary to New Mexico law by offering Plaintiffs substantially less than was reasonable or which Plaintiffs were ultimately awarded by a jury.

44.     In addition to other laws, Defendant's conduct violated 1978 NMSA § 59A-16-20(G).

45.     Defendant GEICO refused to settle Plaintiffs' claims in good faith.

46.     Defendant GEICO engaged in bad faith in refusing to offer more than its $7,000.00 and $9,000.00 take it or leave it offers at mediation, which is less than the amount a similarly injured person would have believed they were entitled to receive according to the declaration pages of Defendant GEICO's auto policies.

47.     In addition to other laws, Defendant's conduct violated NMSA § 59A-16-20(H).

48.     Defendant GEICO's conduct was knowing, intentional, in bad faith, malicious, willful, wanton, fraudulent, and/or in reckless disregard of Plaintiffs' rights.

49.     Defendant GEICO engaged in an intentional pattern and practice of dishonesty and intimidation of personal injury claimants involved in low speed collisions, to amass for GEICO a treasure trove in "savings" by avoiding paying such claims.

50.     Plaintiffs only recovered because they were persistent about pursuing their rights and to help protect future persons from Defendant GEICO's misconduct.

51.     Plaintiffs are entitled to recover damages against Defendant GEICO, including punitive damages, attorney's fees, and costs pursuant to NMSA 1978 §57-12-10, §59A-16-30 and §39-2-1.

52.     As a direct and proximate result of Defendant GEICO's acts and omissions, Plaintiffs have sustained damages, in addition to the damages common to all counts of this Complaint, including but not limited to the actual damages incurred, the cost of prosecution of this lawsuit, attorneys' fees, and interest on the sums owed under the policy. These injuries and damages are ongoing, permanent and are expected to continue in the future. Plaintiffs have been forced to retain the services of attorneys to enforce their rights herein, and as such, pursuant to NMSA §57-12-10 and §39-2-1, they are entitled to an award of attorney's fees and costs associated therewith.

**WHEREFORE,** Plaintiffs pray for an Order of the Court giving them judgment against Defendant GEICO Indemnity Company in an amount reasonable to compensate Plaintiffs Connie Charters and Alyce Sweaza for their injuries, damages, and loss, and awarding Plaintiffs the cost of this litigation, including attorneys' fees, pre-judgment and post-judgment interest at the statutory rates, and granting such further relief as deemed just by this Court.

Respectfully submitted,

**LAW OFFICES OF DAVID M. HOULISTON**

*/s/ David M. Houliston*
DAVID M. HOULISTON, ESQ.
*Attorney for Plaintiffs*
500 Tijeras Avenue NW
Albuquerque, NM  87102-3133
Phone: (505) 247-1223
Fax:    (505) 214-5204
david@houlistonlaw.com

and

8

**TITUS & MURPHY LAW FIRM**

*/s/ Victor A. Titus*
Victor A. Titus, Esq.
*Co-Attorney for Plaintiffs*
2021 E. 20th Street
Farmington, NM 87501
(505) 326-6503
(505) 326-2672 Facsimile
victor@titusmurphylawfirm.com

9

*Amy A.   David Cartagenas*
*0484459958*
*-015*

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM  87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM  87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF
INSURANCE**
John G. Franchini – (505) 827-4299

**Service of Process**
Room 432
(505) 827-4241

**DEPUTY SUPERINTENDENT**
Robert Doucette – (505) 827-4439

August 18, 2017

GEICO Indemnity Company
Legal Dept. – Matthew J Zuraw
2280 North Greenville Ave
Richardson, TX 75082

RE:   **CONNIE CHARTERS AND ALYCE SWEAZA V. GEICO INDEMNITY
COMPANY**
     **D-1118-CV-2017-01136**

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a
copy of a Summons and Complain on the above styled cause.  Service was accepted on your
behalf on 8/18/2017.

Respectfully,

John G. Franchini, Superintendent

CERTIFIED MAIL   7010 0290 0002 3836 1603

**EXHIBIT**
**B**

Skip to Main Content  Logout  My Account  Search Menu  Search  Refine Search  Back

Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. D-1116-CV-2017-01136

| | | |
|---|---|---|
| Connie Charters, et. al., v. GEICO Indemnity Company | § § § § § § § | Case Type: **Tort**<br>Date Filed: **08/07/2017**<br>Location:<br>Judicial Officer: **Dalley, Bradford J.** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | GEICO Indemnity Company | **Pro Se** |
| **Plaintiff** | Charters, Connie | **David M Houliston**<br>*Retained*<br>505-247-1223(W) |
| **Plaintiff** | Sweaza, Alyce | **David M Houliston**<br>*Retained*<br>505-247-1223(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 08/07/2017 | **Cause Of Actions** | Tort: Personal Injury Auto |
| | Action Type | Action |
| 08/07/2017 | OPN: COMPLAINT | |
| | *Plaintiffs' Complaint Against Defendant GEICO Indemnity Company* | |
| 08/14/2017 | **Summons** | |
| | GEICO Indemnity Company | Unserved |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Charters, Connie | | | |
| | Total Financial Assessment | | | 132.00 |
| | Total Payments and Credits | | | 132.00 |
| | **Balance Due as of 09/03/2017** | | | **0.00** |
| 08/07/2017 | Transaction Assessment | | | 132.00 |
| 08/07/2017 | File & Serve Payment | Receipt # AZTD-2017-4946 | Charters, Connie | (132.00) |

```
EXHIBIT
  C
tabbies®
```

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

CONNIE CHARTERS AND ALYCE SWEAZA,

        Plaintiff,

v.                                    No. D-1116-CV-2017-01136

GEICO INDEMNITY COMPANY, an Insurance
Company authorized to do business in New Mexico,

        Defendants.

## NOTICE OF FILING OF REMOVAL

    PLEASE TAKE NOTICE that GEICO Indemnity Company (hereinafter "GEICO"),

by and through its attorneys Chapman and Priest, P.C. (Stephen M. Simone and Jessica

C. Singer), has filed a Notice of Removal in the United States District Court for the District

of New Mexico.  A true and correct copy of the Notice of Removal, attached to this Notice

as Exhibit "1" was mailed to:

David M. Houliston
Law Offices of David M. Houliston
500 Tijeras Avenue NW
Albuquerque, NM 87102
505-247-1223
david@houlistonlaw.com
*Attorney for Plaintiffs*

                        Respectfully submitted,

                        CHAPMAN AND PRIEST, P.C.

                        *Stephen M Simone*

                        Stephen M. Simone
                        Jessica C. Singer
                        P.O. Box 92438
                        Albuquerque, NM 87199
                        Tel: (505) 242-6000
                        stephensimone@cclawnm.com
                        jessica@cclawnm.com
                        *Attorneys for GEICO*


EXHIBIT

I hereby certify the foregoing was served
on the following counsel of record via the
Odyssey File & Serve system on this _____
day of September 2017:


David M. Houliston
Law Offices of David M. Houliston
500 Tijeras Avenue NW
Albuquerque, NM 87102
505-247-1223
david@houlistonlaw.com
*Attorney for Plaintiffs*



Stephen M. Simone

2

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

**CONNIE CHARTERS AND ALYCE SWEAZA,**

       **Plaintiff,**

**v.**                        **No. D-1116-CV-2017-01136**

**GEICO INDEMNITY COMPANY, an Insurance
Company authorized to do business in New Mexico,**

       **Defendants.**

## ENTRY OF APPEARANCE

Chapman and Priest, P.C. (Stephen M. Simone and Jessica C. Singer), hereby enter their appearance on behalf of Defendant GEICO Indemnity Company.  Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

            Respectfully submitted,

            **CHAPMAN AND PRIEST, P.C.**

            *Stephen M. Simone*

            Stephen M. Simone
            Jessica C. Singer
            PO Box 92438
            Albuquerque, NM  87199
            505-242-6000
            stephen.simone@cclawnm.com
            jessica@cclawnm.com
            *Attorneys for GEICO*



EXHIBIT
E

I hereby certify the foregoing was served
on the following counsel of record via the
Odyssey File & Serve system on this _____
day of September 2017:


David M. Houliston
Law Offices of David M. Houliston
500 Tijeras Avenue NW
Albuquerque, NM 87102
505-247-1223
david@houlistonlaw.com
*Attorney for Plaintiffs*



Stephen M. Simone

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Connie Charters and Alyce Sweaza | GEICO Indemnity Company |

**(b)**  County of Residence of First Listed Plaintiff     San Juan
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     MARYLAND
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
David M. Houliston, Law Offices of David M. Houliston
500 Tijeras Avenue NW
Albuquerque, NM 87102   505-247-1223

Attorneys *(If Known)*
Stephen M. Simone and Jessica C. Singer
Chapman and Priest, P.C.
PO Box 92438, Alb. NM 87109   505-242-6000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

EXHIBIT
F

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☒ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441 and 1446
Brief description of cause:
CLAIMS UNDER 59-A-16.20 NMSA

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____