IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CONNIE CHARTERS AND ALYCE SWEAZA

    Plaintiffs,
v.

                                              Civ. No. 17-927-MV/KBM

GEICO INDEMNITY COMPANY, an Insurance
Company authorized to do business in New Mexico,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Geico's Opposed Motion to Dismiss Claim for Punitive Damages [Doc. 15]. The Court, having considered the motion and relevant law, finds that the motion is well-taken and will be granted.

## BACKGROUND

On January 24, 2014, an automobile accident occurred during which Leigh Jenke rear-ended Plaintiffs' vehicle. Id. ¶ 7. Ms. Jenke's insurer, Geico Indemnity Company, inspected Plaintiffs' vehicle and concluded that its insured, Ms. Jenke, was at fault and issued a property damage payment to Plaintiffs. Id. ¶¶ 10, 12. Plaintiffs then provided information to Geico about their injuries, including medical records and billings. Id. ¶ 13. Plaintiffs asked Geico to settle their personal injury claims, but Geico refused. Id. ¶15, 17. Although the timeline is unclear, it appears that Geico later offered to settle for an amount that Plaintiffs viewed as being significantly less than they were owed. Id. ¶ 33.

On September 2015, Plaintiffs filed an action against both Ms. Jenke and Geico. Id. ¶ 28. Prior to trial, the parties agreed to mediate. Id. ¶ 34. Plaintiffs offered to settle for a total of

$40,000.00, but Geico offered only $16,000.00, and the mediation subsequently failed. Id. ¶ 34. At trial, the jury found Ms. Jenke 100 percent at fault for the accident and awarded Plaintiffs a combined award of $100,000.00 in damages.

Thereafter, on August 8, 2017, Plaintiffs filed the instant action against Geico ("Defendant") in New Mexico state court. [Doc. 1]. Defendant removed the action to this Court on September 8, 2017. Id. In their Complaint, Plaintiffs allege that, despite determining that its insured was liable for the accident, Defendant refused to settle Plaintiffs' personal injury claims or offer reasonable money to Plaintiffs in order to resolve those claims. Id. ¶¶ 17-18. According to Plaintiffs, this refusal was in keeping with Defendants' policy and practice of refusing to settle and/or alternatively to offer unreasonably low settlement proposals to persons claiming injuries arising from low speed auto accidents. Id. ¶¶ 20-21. Citing to the New Mexico Supreme Court's decision in *Hovet v. Allstate Ins. Co.*, 89 P.3d 69 (N.M. 2004), Plaintiffs assert that Defendant's failure to "attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiffs' claims in which liability was reasonably clear, and Defendant's "intentional pattern and practice of dishonesty and intimidation of personal injury claimants involved in low speed collisions," violate the New Mexico Unfair Claims Practices Act ("UCPA"). Id. ¶¶ 41, 49. Based on Defendant's alleged violations of the UCPA, Plaintiffs seek to recover damages against Defendant, "including punitive damages, attorney's fees, and other costs." Id. ¶ 51.

On November 11, 2017, Defendant filed the instant motion, seeking to dismiss Plaintiffs' claims for punitive damages, arguing that the UCPA only allows recovery of actual damages. Plaintiffs filed a response in opposition on December 20, 2017, contending that the intent of the legislature in drafting the UCPA was to allow for punitive damages. Defendant's reply followed on December 28, 2017.

**STANDARD**

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations, ignore conclusory allegations, view the factual allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States,* 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. Dismissal is warranted where plaintiffs "fail to allege any facts, or articulate any legal basis" to support their request for relief. *Ambuehl v. Aegis Wholesale*, 555 F. App'x 817, 820 (10th Cir. 2014).

**DISCUSSION**

Defendant moves to dismiss Plaintiffs' punitive damages claims on the ground that, even if Plaintiffs allegations were proven to be true, those allegations do not articulate any legal basis for an award of punitive damages. Specifically, Defendant argues that Plaintiffs' cause of action arises only under the UCPA and that, as a matter of law, the UCPA provides for the recovery of actual damages only. As set forth herein, the Court agrees.

Historically, there were no means for a third-party claimant to bring suit against an insurance company for unfair practices in the common law. However, in 1984, the New Mexico Legislature drafted the UCPA, which gave private parties the right to sue insurers for unfair practices. That statute provides in relevant part: "Any person […] who has suffered damages as a result of a violation of [the UCPA] by an insurer or agent is granted a right to bring an action in district court to recover actual damages." N.M.S.A. 1978, §59A-16-30. Although the language in Section 59A-16-30 is void of any explicit reference to third-party or private claimants, the New Mexico Supreme Court determined that, by using the phrase "[a]ny person," the Legislature did not mean to "restrict recovery solely to first parties, those insured under the policy." *Hovet*, 89 P.3d at 73. "In creating a separate statutory action," the court explained, "the Legislature had a remedial purpose in mind: to encourage ethical claims practices within the insurance industry. The private right of action is one means toward that end." *Id*. In keeping with "the remedial purposes the Legislature envisioned," the Court held that "if a third party is injured by one of the enumerated unfair claims practices, that party is no less a 'person' falling with the ambit of legislative protection." *Id.* The ruling in *Hovet* thus provides third-party claimants, such as Plaintiffs, a basis for recovery for unfair practices by insurance companies.

The parties agree that Plaintiffs' right to recover against Defendant for its alleged unfair claims practices arises solely from the UCPA, as made applicable to third parties under *Hovet*. The UCPA, by its plain language, provides that a plaintiff may bring an action "to recover actual damages." N.M.S.A. 1978, § 59A-16-30. Despite this plain language, Plaintiffs argue that recovery under the UCPA is not limited to actual damages, but rather, that punitive damages are available to them. In support of this argument, Plaintiffs assert that "[t]here is nothing in the [UCPA] which indicates punitive damages are not available," and that the court's reasoning in

*Hovet* supports the imposition of punitive damages in cases such as this in order to further the remedial purposes of the statute. Doc. 17 at 4. Plaintiffs also note the language in the UCPA indicating that "[t]he relief provided in this section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this state." Id. (quoting NMSA 1978, § 59A-16-30).

While the Court agrees that the UCPA is remedial in nature, the Court cannot equally agree that, despite its plain language limiting recovery to actual damages, a right to recover punitive damages can be read into the statute. In interpreting the relevant provision of the UCPA, this court is "aided by classic canons of statutory construction," and "look[s] first to the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different one was intended." *Faber v. King*, 348 P.3d 173, 176 (N.M. 2015). The Court "look[s] first to the plain meaning of the statute to determine what damages are allowed." *Id.* Here, the plain language of the statute provides for the recovery of "actual damages." Under New Mexico law, "actual damages" are "synonymous with compensatory damages" and "compensatory damages are exclusive of punitive damages." *Behrmann v. Phototron Corp.*, 795 P.2d 1015, 1020 (N.M. 1990). "Compensatory, or actual, damages are the measure of a loss and are awarded to place the plaintiff in a position that he or she would have been in had he or she not suffered the wrong complained of." *Faber*, 348 P.3d at 179 (citation omitted). In contrast, "punitive damages" are "damages designed to punish a wrongdoer," and "are awarded not to compensate a plaintiff for injury or loss suffered but to penalize a defendant for particularly egregious, wrongful conduct." *Id.* "Actual damages" and "punitive damages" are thus different "kinds of damages" under New Mexico law. *Id.* at 178; *see also* Restatement (Second) of Torts § 908 ("Punitive damages are damages, other than compensatory or nominal damages, awarded

against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."). Giving the words of the UCPA their ordinary meaning, the right to recover for damages under the UCPA excludes punitive damages.

Interpreting the UCPA to limit recovery to actual damages is consistent with dicta in *Hovet*. While the *Hovet* court left undecided the question now squarely before this Court of whether punitive damages can be recovered for violations of the UCPA "because of the lack of an opportunity for full briefing on this subject," the court nonetheless discussed at length the considerations relevant to that question, all of which point toward answering it in the negative. 89 P.3d at 77. First, the court "emphasize[d]" that, in recognizing a third-party claimant's rights under the UCPA, the court was "recognizing a statutory, not a common-law cause of action." *Id.* Therefore, the court explained, in order to find a remedy for third-party claimants, the court would have to look to the UCPA itself, and the UCPA "does not expressly provide for punitive damages." *Id.* The Court cited to *Patterson v. Globe Am. Cas. Co.* for the proposition that "when a right is created which did not exist at common law and for that right a remedy is by statute prescribed, the whole matter of right and remedy is within the statute and no part of either otherwise exists." *Id.* (quoting *Patterson*, 685 P.3d 396, 399 (N.M. Ct. App. 1984)); *see also First Nat'l Bank of Santa Fe v. SW. Yacht & Marine Supply Corp.*, 684 P.2d 517, 520-21 (N.M. 1984) ("holding that a plaintiff's remedies were limited by statute because wrongful replevin was a statutory cause of action and there was no action at common law); *Hittson v. Chi. R.I. & P. Ry. Co.*, 86 P.2d 1037, 1038 (N.M. 1939) ("[I]f a statute creates a new right for protection of the public where none existed before and at the same time provides an adequate remedy for enforcement of the right created, the remedy thus afforded is exclusive."). Next, the court recognized the holding in *Journal Publ'g Co. v. Am. Home Assurance Co.*, a diversity action in

in the Southern District of New York, where the court interpreted the New Mexico UCPA as providing only for recovery of actual damages, costs and attorney's fees, and not for punitive damages based on an unfair practices claim. 771 F. Supp. 632, 636 (S.D.N.Y. 1991). Further, the *Hovet* court noted that the New Mexico jury instruction regarding punitive damages "applies to common-law bad-faith actions, and not to violations of [the UCPA]." 89 P.3d at 77 n. 5. Finally, the court pointed out that "in similar contexts the New Mexico Legislature has elsewhere provided for statutory punitive damages or treble damages." *Id.* (citing *McLelland v. United Wis. Life Ins. Co.*, 980 P.2d 86 (N.M. Ct. App. 1999) (holding that when treble damages are statutorily prescribed in the Unfair Practices Act, punitive damages are only available for independent common-law actions for fraud and not under the statute); *Hale v. Basin Motor Co.*, 795 P.2d 1006, 1012 (N.M. 1990) (holding that plaintiffs awarded both treble damages under the Unfair Practices Act and punitive damages for fraud must make an election between them); *Naranjo v. Paull*, 803 P.2d 254, 261 (N.M. 1990) (noting that the New Mexico Securities Act does not provide a remedy for punitive damages because it specifies only actual damages)).

Although the *Hovet* court refrained from opining as to the persuasiveness of the authority cited in its opinion, this Court finds that authority persuasive. First, the Court agrees that where, as here, the statute creates a right that did not exist at common law, and a remedy for that right is prescribed by the statute, the "whole matter" of remedy is within the statute. Accordingly, Plaintiffs are limited to the remedy of actual damages as prescribed by the UCPA itself. Further, the Court finds persuasive its sister court's determination in *Journal Publ'g* that punitive damages are unavailable in connection with an unfair practices claim. The Court sees no principled reason to diverge from the *Journal Publ'g* court's interpretation of the UCPA. The Court also finds it telling that where the Legislature has intended for punitive damages to apply

to specific actions, it has expressly provided for the recovery of such damages in the statute creating the right of action itself. This the Legislature has not done in the UCPA. For all of these reasons, the Court concludes that punitive damages are not available for unfair claims practices in violation of the UCPA.

The Court recognizes that the UCPA contains a provision indicating that the relief provided for therein, namely, actual damages, is "in addition to remedies otherwise available against the same conduct under the common law or other statutes of this state." NMSA 1978, § 59A-16-30). This language, however, provides no basis for Plaintiffs herein to recover punitive damages. Rather, this language means only that if Plaintiffs could sustain a cause of action under either the common law or another statute arising from the same conduct from which their UCPA claim arises, they would not be foreclosed from pursuing whatever remedies might be available to them in connection with the relevant common law or other applicable statute. Here, Plaintiffs have not alleged a common law cause of action, or an action under any statute other than the UCPA.[1] It follows that Plaintiffs are not entitled to any remedy under the common law or another statute, but rather are limited to the remedy prescribed in the UCPA.

## CONCLUSION

The UCPA limits Plaintiffs' recovery to actual damages. Because Plaintiffs' claim arises solely from the UCPA, there is no legal basis for Plaintiffs to recover punitive damages. Accordingly, Plaintiffs' punitive damages claims must be dismissed for failure to state a claim upon which relief can be granted.

---

[1] Although Plaintiffs cite to Section 57-12-10 (the Unfair Trade Practices Act) in their Complaint, they do not appear to be asserting a claim under that Act. [Doc. 1]. Rather, they assert in their Complaint and reiterate in their response that their action is brought under *Hovet*, which only pertains to the UCPA. Id. Additionally, Plaintiffs failed to respond to Defendant's contention that Plaintiffs cannot recover under the Unfair Trade Practices Act, and thus have conceded this point. [Doc. 15, 17].

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Claim for Punitive Damages [Doc. 15] is **GRANTED** and Plaintiff's claims for punitive damages are dismissed with prejudice**.**

DATED this 5th day of September, 2018.

_____
MARTHA VAZQUEZ
United States District Judge